IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 05-64 |
| | ) |
| ANDRE L. JACOBS | ) |

O P I N I O N

DIAMOND, D.J.

Presently before the court is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 filed by Andre Jacobs ("petitioner"). For the following reasons, petitioner's §2255 motion will be denied.

On March 22, 2005, a grand jury returned a one-count indictment against petitioner charging that he "did knowingly and forcibly assault, resist, oppose, and impede and interfere with Deputy United States Marshals, namely, R. P. and D. B. ... and did inflict bodily injury, while R. P. and D. B. were engaged in the performance of their official duties" in violation of 18 U.S.C. §§111(a)(1) and (b). Following a trial, at which defendant did not testify, a jury returned a verdict of guilty on April 26, 2006. On October 2, 2006, defendant was sentenced to a term of imprisonment of 210 months, to be served concurrently with an undischarged state term of imprisonment.

Petitioner filed a direct appeal and his conviction and sentence were affirmed by the United States Court of Appeals for the Third Circuit. Petitioner then filed a petition for writ of certiorari in the United States Supreme Court, which was denied.

Petitioner timely filed the instant §2255 motion asserting three grounds for relief: (1) the indictment was insufficient to provide notice of the offense or the manner in which it was committed, and his counsel failed to challenge the insufficiency of the indictment; (2) trial counsel failed to assist him in making an intelligent waiver of his right to testify by erroneously advising him that he did not have to testify in order to preserve an issue regarding the trial court's refusal to issue an advance ruling on the admissibility of bad acts evidence; and, (3) the trial court impeded petitioner's right to testify by suggesting that petitioner's right to appeal the court's decision not to issue an advance ruling as to the admissibility of bad acts evidence was preserved by petitioner's oral objection.

Upon the filing of his motion, petitioner was sent a Notice advising him that §2255 requires all movants to file "a single petition raising all claims for relief and the materials to be submitted in support thereof," United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999). Petitioner was instructed that the failure to notify the court of whether he wished to file a new §2255 motion or amend his pending motion to incorporate any additional claims "will constitute an election by you to have the motion adjudicated in the form in which it was filed." When petitioner failed to respond in the time allotted, the court issued an order construing defendant's failure to notify the court as an election by petitioner to have his motion adjudicated as filed and ordered the government to file a response.

After the government filed its response, petitioner requested and was granted leave to file a reply. Petitioner subsequently filed a "motion to amend pleadings" and brief in support thereof. The court denied petitioner's motion to amend and indicated that it would construe petitioner's brief in support of the motion to amend as his reply to the government's response to petitioner's §2255 motion, and closed the record.

Now, upon due consideration of petitioner's motion, the government's response and petitioner's reply brief, as well as the record as a whole, the court finds that petitioner is not entitled to relief under §2255.[1]

---

[1] Rule 8(a) of the Rules Governing §2255 Proceedings provides:

> If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

Where the record conclusively shows that a movant is not entitled to relief, the court may dismiss the motion based on the record without a hearing. See United States v. Nahodil, 36 F.3d. 323, 326 (3d Cir. 1994). Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a §2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, an evidentiary hearing is not required. See Government of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). Here, the court finds, for the reasons set forth in this opinion, that the record conclusively establishes as a matter of law that

A federal prisoner may move the sentencing court to vacate, set aside or correct a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. §2255(a). In general, §2255 is a vehicle to cure only jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice" or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783 (1979).

Petitioner's first ground for relief is that the indictment was insufficient to provide him with adequate notice of the offense or the manner in which it was committed. Petitioner did not object to the sufficiency of the indictment prior to trial nor did he raise this claim on direct review. Because petitioner's claim regarding the sufficiency of the indictment could have been raised on direct review, but was not, this court finds that petitioner's first claim is procedurally barred. See Bousley v. United States, 523 U.S. 614, 621 (1998).

It is well settled that "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice', or that he is

---

petitioner's claims for relief are meritless and, therefore, no evidentiary hearing is required.

'actually innocent.'" Bousley v. United States, 523 U.S. 614, 622 (1998). Prejudice must be substantial, such that the integrity of the entire trial was infected. See United States v. Frady, 456 U.S. 152, 170 (1982).

Here, petitioner has established neither cause nor prejudice for his failure to raise a claim of insufficiency of the indictment on direct appeal.[2] As cause, petitioner asserts that this claim was not raised because his appellate counsel "denied" him access to his transcripts and refused to let him participate meaningfully in preparing his appeal.

However, even if the court were to assume that petitioner's allegations are true, he does not explain how the purported failure of his appellate counsel to provide him with "transcripts" caused his failure to raise an argument relating to the sufficiency of the indictment, which must be judged solely upon its four corners, not by evidence presented at trial. United States v. Vitillo, 490 F.3d 314, 321 (3d Cir. 2007). Moreover, even assuming arguendo that petitioner's appellate counsel declined a specific request to raise this issue on appeal, it is well-settled that an appellate lawyer is not required to raise every non-frivolous issue requested by a defendant. Jones v.

---

[2] Nor has petitioner made any showing of actual innocence. "'[A]ctual innocence'" means factual innocence, not mere legal insufficiency." Bousley, 523 U.S. at 623. "To establish actual innocence, petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" Id. (quoting Schlup v. Delo, 513 U.S. 298, 327-28 (1995).

Barnes, 463 U.S. 745, 751 (1983) ("Neither *Anders* nor any other decision of this Court suggests ... [a] defendant has a constitutional right to compel appointed counsel to press non-frivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points.").

Here, appellate counsel obviously made a tactical decision to pursue on appeal the arguments which in her professional judgment she deemed to have the greatest chance for success, and this court will not second-guess that decision. Moreover, even if the court were inclined to construe the failure of petitioner's appellate counsel to raise an insufficiency-of-the-indictment claim on direct appeal as "cause" for petitioner's procedural default, and the court is not so inclined, petitioner in any event cannot establish prejudice resulting from that failure because such a claim lacks merit.

Rule 7(c) of the Federal Rules of Criminal Procedure requires an indictment to be "a plain, concise, and definite written statement of the facts constituting the offense charged ...." An indictment's "primary office" is "to inform the defendant of the nature of the accusation against him." Russell v. United States, 369 U.S. 749 (1962). Id. at 205. This is accomplished by identifying the law that is alleged to have been violated and including factual allegations that sufficiently apprise the defendant of the offending conduct. Id.

In charging an offense, "no greater specificity than the statutory language is required so long as there is sufficient

factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution." United States v. Kemp, 500 F.3d 257, 280 (3d Cir. 2007)(quoting United States v. Rankin, 870 F.2d 109, 112 (3d Cir.1989)). Accordingly, an indictment may "set forth the offense in the words of the statute itself, as long as 'those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence intended to be punished.'" United States v. Cefaratti, 221 F.3d 502, 507 (3d Cir. 2000) (quoting Hamling v. United States, 418 U.S. 87, 117 (1974)).

Here, the indictment is more than sufficient to charge petitioner with a violation of 18 U.S.C. §111(a)(1). The indictment identifies §111(a)(1) as the law alleged to have been violated and sets forth all of the essential elements of the offense sufficiently to apprise petitioner of the offending conduct. Specifically, Count One tracks the statutory language and charges that petitioner "did knowingly and forcibly assault, resist, oppose, and impede and interfere with Deputy United States Marshals, namely, R. P. and D. B., who were persons designated in section 1114 of Title 18, United States Code, and did inflict bodily injury, while R. P. and D. B. were engaged in the performance of their official duties as employees of the United States Marshals Service."

This language sets forth, without any uncertainty or ambiguity, all of the elements of the charged offense sufficiently

to have enabled petitioner to prepare his defense and to ensure that he will not be prosecuted twice for that same offense. Accordingly, because the indictment was sufficient as a matter of law, petitioner cannot establish prejudice from the failure of his appellate counsel to raise this issue on direct review.

Petitioner further alleges in his first ground for relief that this court improperly "changed" the indictment from the conjunctive to the disjunctive when it instructed the jury that the government was required to prove beyond a reasonable doubt that defendant "forcibly assaulted <u>or</u> resisted <u>or</u> opposed <u>or</u> impeded <u>or</u> interfered with federal officers." This argument also has been procedurally defaulted and otherwise lacks merit.

In essence, petitioner's argument is that this court constructively amended[3] the indictment by instructing the jury in the disjunctive when the indictment charges in the conjunctive, *i.e.*, that he "did knowingly and forcibly assault, resist, oppose, <u>and</u> impede <u>and</u> interfere with" the deputy United States Marshals.[4]

---

[3] A constructive amendment occurs where a defendant is deprived of his "substantial right to be tried only on charges presented in an indictment returned by a grand jury." <u>United States v. Syme</u>, 276 F.3d 131, 148 (3d Cir. 2002) (quoting <u>United States v. Miller</u>, 471 U.S. 130, 140 (1985)).

[4] The court's pertinent jury instruction reads as follows:

ALTHOUGH THE INDICTMENT CHARGES THAT DEFENDANT DID "KNOWINGLY AND FORCIBLY ASSAULT, RESIST, OPPOSE, AND IMPEDE AND INTERFERE WITH" CERTAIN DEPUTY UNITED STATES MARSHALS, I INSTRUCT YOU THAT IT IS NOT NECESSARY IN ORDER FOR YOU TO RETURN A VERDICT OF GUILTY FOR THE GOVERNMENT TO PROVE THAT THE DEFENDANT DID ALL OF THOSE THINGS, THAT IS, THAT HE ASSAULTED <u>AND</u> RESISTED <u>AND</u> OPPOSED <u>AND</u> IMPEDED <u>AND</u> INTERFERED WITH. IT IS

- 8 -

However, where the relevant statute, in this case 18 U.S.C. §111(a)(1), lists alternative means of violation, "[t]he general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive ... the verdict stands if the evidence is sufficient with respect to any of the acts charged." Turner v. United States, 396 U.S. 398, 420 (1970). This rule obviously extends to a trial court's jury instructions in the disjunctive in the context of a conjunctively worded indictment. U.S. v. Cusumano, 943 F.2d 305, 311 (3d Cir. 1991).

Here, as in Cusumano, while petitioner's indictment was phrased in the conjunctive, the jury instructions tracked the language of the statute and permissibly were phrased in the disjunctive. Moreover, the government's position at trial was

---

SUFFICIENT IF THE GOVERNMENT PROVES BEYOND A REASONABLE DOUBT THAT DEFENDANT DID ANY ONE OF THESE ACTS AS CHARGED. YOU MUST, HOWEVER, BE UNANIMOUS IN YOUR FINDING OF WHICH OF THE ACTS, IF ANY, HAS BEEN PROVEN; THAT IS, ALL TWELVE OF YOU MUST FIND THAT A PARTICULAR ACT HAS BEEN PROVEN BEFORE YOU CAN FIND THAT THE GOVERNMENT HAS PROVEN THIS ELEMENT OF THE CRIME CHARGED.
IT WOULD NOT BE SUFFICIENT, FOR EXAMPLE, IF, SAY, SIX OF YOU FOUND THAT DEFENDANT FORCIBLY RESISTED A PARTICULAR DEPUTY MARSHAL AND SIX OF YOU FOUND THAT DEFENDANT FORCIBLY ASSAULTED THAT PARTICULAR DEPUTY MARSHAL, NOR WOULD IT BE SUFFICIENT, IF, SAY, SIX OF YOU FOUND THAT DEFENDANT ASSAULTED ONE OF THE DEPUTY MARSHALS AND SIX OF YOU FOUND THAT DEFENDANT ASSAULTED THE OTHER DEPUTY MARSHAL. ALL TWELVE OF YOU MUST FIND THAT DEFENDANT COMMITTED THE SAME CHARGED ACT AGAINST ONE OR BOTH OF THE DEPUTY MARSHALS BEFORE THIS ELEMENT HAS BEEN PROVEN. IT IS NOT NECESSARY, HOWEVER, FOR THE GOVERNMENT TO PROVE THAT DEFENDANT COMMITTED ONE OF THE ACTS AGAINST BOTH OF THE DEPUTY MARSHALS. IT IS SUFFICIENT IF THE GOVERNMENT PROVE BEYOND A REASONABLE DOUBT THAT DEFENDANT COMMITTED ONE OF THE ACTS AGAINST AT LEAST ONE OF THE DEPUTY MARSHALS.

that defendant committed the offense by all of the means set forth in §111(a)(1) and petitioner has not shown that the evidence was insufficient with respect to any of the means charged. Accordingly, the court's disjunctive instruction does not constitute an amendment to the conjunctive language of the indictment. Cusumano, 943 F.3d at 305; United States v. Vampire Nation, 451 F.3d 189, 204 (3d Cir. 2006).

Petitioner's second and third grounds for relief allege that his right to testify was interfered with by both his trial counsel, who improperly advised him that he did not have to testify in order to preserve his claim that the court erroneously failed to rule in advance on the admissibility of bad acts evidence, and by the trial court, which indicated that petitioner's right to appeal the court's decision not to rule in advance on the bad acts evidence was preserved by his oral objection. Petitioner is not entitled to habeas relief on either of these claims.

As required by Fed. R. Crim. P. 404(b) and 609, the government provided petitioner in advance of trial notice of 52 separate disciplinary infractions committed by petitioner while in prison. Although the government stated it did not intend to offer any evidence with regard to those incidents in its case-in-chief, it did reserve the right to use them for impeachment purposes on cross-examination or on rebuttal.

Petitioner sought an advance ruling on the admissibility of the 404(b) and 609 evidence should he testify and argued that he

could not make an informed decision on whether to testify without knowing what the court's ruling would be. This court, however, declined to make a hypothetical ruling on the admissibility of the evidence because there was no way to know what the nature of petitioner's testimony might be.

On direct appeal, petitioner argued that the district court's refusal to rule on the admissibility of the bad acts evidence made it impossible for him to make a knowing and intelligent decision about whether to testify. The Third Circuit Court of Appeals found that petitioner failed to preserve the issue for review by not testifying. United States v. Jacobs, 311 Fed. Appx. 535, 538 (3d. Cir. 2008). Importantly, however, the appellate court also noted that, "[e]ven if [petitioner] had preserved the issue, we find no error in the District Court's decision not to rule on the hypothetical issue." Jacobs, 311 Fed. Appx. at 539.

Petitioner now alleges that his decision not to testify was made in reliance upon his counsel's advice that he did not have to testify in order to appeal this court's decision not to make an advance determination of the admissibility of the bad acts evidence, as well as upon this court's statement that his right to appeal the issue was preserved by his oral objection, and that his reliance on this erroneous advice resulted in the appellate court's "refusal" to hear the claim.

However, petitioner's claim was heard on appeal despite his decision not to testify. While the appellate court did conclude that petitioner failed to preserve the issue by not testifying, it

also went on to find that the issue otherwise lacked merit. Jacobs, 311 Fed. Appx. at 539. Accordingly, even if the advice petitioner received was erroneous, his claim nevertheless was heard and rejected on its merits.

For the reasons set forth above, petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. §2255 fails to raise any meritorious claims and must be denied as a matter of law. Additionally, petitioner's incorporated request for a certificate of appealability also will be denied.

Local Appellate Rule 22.2 of the United States Court of Appeals for the Third Circuit directs that when a final order denying a motion under §2255 is issued a determination of whether a certificate of appealability should issue also shall be made. The issuance of a certificate of appealability is "[t]he primary means of separating meritorious from frivolous appeals." Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (setting forth standards for certificate of probable cause). Congress has mandated that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of a denial of a constitutional right." 28 U.S.C. §2253(c)(2). As this court's foregoing discussion makes clear, petitioner has failed to make a substantial showing of a denial of a constitutional right. Accordingly, a certificate of appealability should not issue in this case. See Santana v. United States, 98 F.3d 752, 757 (3d Cir. 1996).

An appropriate order will follow.

*Gustave Diamond*
Gustave Diamond
United States District Judge

Date: December 5, 2011

cc: Stephen R. Kaufman
    Assistant United States Attorney

    Andre L. Jacobs